IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| VICKIE P. GOBER<br>    Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. _____ |
| AUSTIN INDUSTRIAL, INC.,<br>    Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES VICKIE P. GOBER, hereinafter called Plaintiff, complaining of and about AUSTIN INDUSTRIAL, INC., hereinafter called Defendant, and for cause of action shows unto the Court the following:

**A. PARTIES**

1.  Plaintiff, VICKIE P. GOBER, is an Individual whose address is 197 Old Hwy Loop, P.O. Box 384, Village Mills, Texas 77663.

2.  Defendant, AUSTIN INDUSTRIAL, INC., a foreign corporation, may be served by serving the registered agent of the corporation, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

**B. JURISDICTION AND VENUE**

3.  This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 1331 and 1343. This action is brought to remedy violations of federal law; specifically, violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611, et seq. and other federally protected rights,

particularly guaranteed under Title VII, the Civil Rights Act of 1991 and the Age Discrimination in Employment Act (ADEA) and to recover damages, remedy an intentional tort committed by wrongful termination and age discrimination and obtain other relief authorized by statute.

4. This court has jurisdiction over Defendant AUSTIN INDUSTRIAL, INC., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over AUSTIN INDUSTRIAL, INC. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

5. Plaintiff would show that Defendant AUSTIN INDUSTRIAL, INC. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 because the acts, events or omissions giving rise to this claim occurred in Orange County, Texas, within the jurisdiction of the United States District Court, Eastern District of Texas, Beaumont Division.

## C. INTRODUCTION

7. This action seeks equitable relief, back ad future pay, lost benefits, reinstatement, liquidated, compensatory and punitive damages, expert witness fees, taxable costs of court, prejudgment and post-judgment interests for violations of the Family Medical Leave Act (FMLA) and for violations of the Age Discrimination in Employment Act (ADEA) suffered by Plaintiff during her employment by Defendant.

## D. FACTS

8.      Ms. Gober was employed by Defendant, Austin Industries, Inc., as a house keeper and assigned to LANXESS Corporation, a chemical plant located in Orange, Texas. Defendant, Austin Industries, Inc. is a leader in maintenance services, providing civil, structural, mechanical, instrumentation, electrical, scaffolding, insulation and abatement, painting and coatings, janitorial, and grounds and material handling throughout the southeastern United States with regional offices located in LaPorte, Texas.

9.      Plaintiff was having problems performing basic cleaning and janitorial duties due to her inability to grip with her hands. Plaintiff's doctor diagnosed her with carpal tunnel syndrome in June 2016 and initially treated her conservatively with medication. After this diagnosis, her supervisor told her that she was just getting old and falling apart. On Thursday, July 7, 2016, her doctor advised her that her condition was critical and that she would lose use of her hand unless surgery was performed immediately. Plaintiff contacted office manager, Jaymie Wright, and informed Ms. Wright of her condition and that her doctor wanted to perform surgery the next day. Plaintiff delayed the surgery to the following Monday and reported to work the following day, July 8, 2016, when she met with Jaymie Wright regarding the surgery. Plaintiff inquired about FMLA and Ms. Wright told her that she did not qualify for it. That same day, Plaintiff left to have the pre-op blood work done. While in route to have the blood work done, she received a phone call from the Project Superintendent, Bob Adams. He told her that (the surgery) sounds like a "f-cking lie" and told her she needed to get her "f-cking ass to work." He outright told her that she would lose her job if she had the surgery that Monday. Plaintiff went through with the surgery on July 11, 2016 and she was approved for short term disability *prior to the surgery*.

10. Plaintiff was terminated on July 11, 2016 for taking off to have this medically necessary surgery. As a matter of routine, the Defendant holds health insurance premiums out of Plaintiff's paycheck. Nevertheless, Plaintiff's health insurance was cancelled the same day she was terminated, July 11, 2016. Plaintiff was unaware that her health insurance had been cancelled until she was declined for post-operative rehabilitation treatment. Plaintiff's doctor had planned to schedule carpal tunnel surgery for her other hand later in that month but that surgery was not done because the Defendant had cancelled Plaintiff's employment related health insurance benefits.

### E. PLAINTIFF'S FMLA CLAIM

11. Each allegation in the above paragraph is realleged as if fully set forth verbatim herein. The Defendant must provide an eligible employee with up to 12 weeks of unpaid medical leave each year when the employee is unable to work because of a serious health condition. Plaintiff's carpal tunnel syndrome constitutes a serious health condition and said condition rendered her unable to grip the various cleaning implements with her hands. Further her condition was of such magnitude that her physician advised her that if she did not have the surgery immediately, she would risk losing all functioning of her hand. Thus, Plaintiff's need for FMLA leave was unforeseeable, which prevented Plaintiff from giving notice as required.

12. The Defendant terminated Plaintiff in violation of the FMLA. Defendant failed to reasonably accommodate Plaintiff with unpaid leave for her unforseen medically necessary surgery. Defendant further violated the FMLA by terminating her health benefits which prevented her from post-operation rehabilitation and from having the second surgery.

13. Defendant is an employer within the meaning and purview of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611, et seq, in that the Defendant employs and has employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the

applicable time periods and is engaged in commerce or in an industry or activity affecting commerce.

14. Plaintiff would show that Defendant violated the FMLA with respect to Plaintiff in the following and other respects:

(a) by firing her and retaliating against her on or about July 11, 2016, in violation of 29 U.S.C. § 2611 et seq.

(b) by interfering with, restraining or denying Plaintiff's exercise of or her attempts to exercise her rights provided by the FMLA;

(c) by discriminating and otherwise retaliating against her for taking family medial leave in violation of the FMLA.

Based on the foregoing, Plaintiff asserts that the Defendant's action in terminating her was wilful.

### E. PLAINTIFF'S CLAIM UNDER ADEA

15. Each allegation in the above paragraphs are realleged as if set forth verbatim herein. At the time of her termination, Ms. Gober was over 40 years of age and was replaced with someone under 40 years of age. At all times pertinent to this suit, Defendant knew that Plaintiff was protected by the requirements of Title VII, the Age Discrimination in Employment Act (ADEA) and that Plaintiff was a member of the classes protected by Title VII, the Age Discrimination in Employment Act, and the Civil Rights Act of 1991.

16. Plaintiff asserts that defendant violated the FMLA with respect to Plaintiff in the following and other respects:

(a) by firing her and retaliating against her on or about July 11, 2016, in violation of ADEA;

(b)　by replacing her with someone who was younger than 40 years of age.

### F. DAMAGES FOR PLAINTIFF, VICKIE P. GOBER

17.　Plaintiff seeks recovery of actual damages as permitted by 29 U.S.C. § 2611, et seq., Title VII, the Age Discrimination in Employment Act (ADEA), the Civil Rights Act of 1991, and the Americans with Disabilities Act (ADA), in addition to an award of attorneys fees, pre-Judgment interest, post-Judgment interest, Court costs, and additional awards for Defendants' wilful conduct. Plaintiff seeks additional damages for physical impairment which, in all reasonable probability, will be suffered in the future due to Defendant's termination of health insurance benefits. Plaintiff seeks additional damages for future medical treatment which Plaintiff would have been able to receive but for Defendant's termination of health insurance benefits. Plaintiff seeks additional damages for loss of earning capacity which will, in all probability, be incurred in the future as a result of Defendant's termination of health insurance benefits. Plaintiff seeks actual damages for loss of employee benefits, payment of health plan premiums and benefit costs. Plaintiff seeks reinstatement in an equivalent position.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Vickie P. Gober, respectfully prays that upon final hearing and trial hereof, this Court grant Plaintiff judgment and against Defendant AUSTIN INDUSTRIAL, INC. for the following:

a.　For actual damages for the period of time provided by law, including appropriate back pay, liquidated damages and reimbursement for lost pension, insurance, and all other benefits;

b.　Reinstatement, or front pay, including benefits, in lieu of reinstatement;

c.　For liquidated and compensatory damages and punitive damages, including any damages, as allowed by law;

d. For attorney's fees, expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

e. Additional damages for physical impairment past and future due to Defendant's unlawful termination of health insurance benefits;

f. Additional damages for future medical treatment related to Plaintiff's carpal tunnel condition, which Plaintiff would have been able to receive but for Defendant's termination of health insurance benefits;

g. Additional damages for loss of earning capacity;

e. For pre-judgement and post-judgement interest as allowed by law;

f. For costs of court and costs of prosecuting Plaintiff's claim; and

g. For such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

GREGORY LAW FIRM

By: _____/S/_____
Bruce Gregory
Texas Bar No. 24002182
Email: bgregory@gregory-lawfirm.com
1617 Magnolia Avenue
Port Neches, Texas 77651
Tel. (409) 727-0900
Fax. (409) 727-0902
Attorney for Plaintiff, Vickie P. Gober