\*\* NOT FOR PRINTED PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| VICKIE P. GOBER | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION No. 1:17-cv-392 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| AUSTIN INDUSTRIAL, INC., | § | PRD |
| | § | |
| *Defendant*. | § | |

## ORDER GRANTING UNOPPOSED MOTION TO COMPEL ARBITRATION AND DISMISSING CLAIMS

Defendant Austin Industrial, Inc. filed an unopposed motion to compel arbitration of all the claims in this case and dismiss the litigation entirely. Dkt. # 5. Plaintiff Vickie P. Gober is unopposed to the motion. Dkt. # 5, at p. 8. After reviewing Defendant's unopposed motion and its attachments, the court concludes that the claims should be arbitrated and this case should be closed.

The Federal Arbitration Act ("the FAA") states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. In this case, Plaintiff brings claims against her former employer, Defendant Austin Industrial, pursuant to the Family Medical Leave Act ("FMLA") and the Age Discrimination in Employment Act ("ADEA"). According to Defendant's Motion, the parties agree that Plaintiff's claims are referable to arbitration pursuant to an arbitration agreement in Plaintiff's employment

1

paperwork.  *See* Dkt. # 5-1, at p. 3.  After reviewing the paperwork, the court agrees.  In light of parties' agreement, the court need not perform a detailed two-step analysis to determine whether to compel arbitration.

Though the FAA provision above states that the court "shall" stay the action, this court has discretion to stay or dismiss a case once it refers claims to arbitration.  *See Fedmet Corp. v. M/V Buyalk*, 194 F.3d 674, 676 (5th Cir. 1999) ("[D]istrict courts have discretion to dismiss cases in favor of arbitration.").  Dismissing the case is proper when all claims in the litigation can be disposed of through arbitration.  *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (collecting cases).  When all claims are referred to arbitration, "retaining jurisdiction and staying the action will serve no purpose." *Id*.  Here, the court has concluded that all claims should be arbitrated, both parties agree that the case should be dismissed, and neither party has asked that the case be stayed instead. Dkt. # 5.  The court therefore agrees that the case should be dismissed entirely.

IT IS THEREFORE ORDERED that Defendant Austin Industrial, Inc.'s Unopposed Motion to Dismiss and to Compel Arbitration (Dkt. # 5) is GRANTED.  All the claims in this suit shall be arbitrated.

IT IS FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE, with each party to bear its own costs.

The Clerk is directed to CLOSE this case.

**So Ordered and Signed**
Oct 21, 2017

_____
Ron Clark, United States District Judge